IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:17-CV-42-FL

| | | |
|---|---|---|
| IRMA FAY FORBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 16, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court overrules plaintiff's objections, adopts the M&R, grants plaintiff's motion, denies defendant's motion, and remands the case pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this order

**BACKGROUND**

On December 20, 2013, plaintiff protectively filed application for period of disability and disability insurance benefits, alleging disability beginning June 1, 2004. The application was denied initially and upon reconsideration. Plaintiff filed a request for hearing. By letter dated April 13,

2016, plaintiff's counsel requested continuance of the hearing.[1] The administrative law judge ("ALJ") denied the request.[2] On April 19, 2016, the ALJ proceeded with hearing, wherein plaintiff was represented by counsel but did not attend, and denied plaintiff's claims by decision entered July 18, 2016.

On April 27, 2016, the ALJ sent to plaintiff a request to show cause for failure to appear form. Plaintiff completed and returned the form with attached medical records,[3] but the ALJ found plaintiff had now shown good cause for not attending.[4] The ALJ therefore proceeded with issuance of a decision on the merits based on the evidence of record without a supplemental hearing.[5]

Following the ALJ's denial of her application, plaintiff timely filed a request for review, and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's

---

[1] The substance of the request reads:

> This matter is scheduled before you on Tuesday, April 19, 2016 in Elizabeth City. Ms Forbes has requested that her hearing be continued. She has Parkinson's disease and has been unable to drive an automobile for approximately 4 years. Her husband Irving is responsible for driving her when needed but at the present time is the sole caregiver for his 94 years old mother who I believe is bedridden. Mr. Forbes has been unable to find alternate care for his mother and cannot leave her. He cannot find alternate transportation to the hearing for Irma. Based upon these considerations, we request that the matter be rescheduled.

(Tr. 131).

[2] The record does not appear to contain the order or other document by which the ALJ denied the request.

[3] The listing in the index for these records, Exhibit 23F, indicates that they were attached to plaintiff's completed Request to Show Cause for Failure to Appear form. The listing reads: "Emergency Department Records—submitted by claimant with attached Notice to Show Cause, dated 04/16/2016, from The Outer Banks Hospital." (Tr. 4).

[4] Plaintiff stated that she did not come to the hearing because of "Parkinson[']s related problems, lack of transportation, lower back pain and no driver[']s license. My husband is an only child. He is the primary caretaker of his 94 year old mother, and is trying to care for her, me, and earn a living as well." (Tr. 135).

[5] In her decision, the ALJ does not explain the basis of her finding of good cause.

2

final decision. Plaintiff then filed a complaint in this court on September 15, 2017, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

3

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

4

In the instant matter, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of June 1, 2004 through her date last insured ("DLI") of December 31, 2009. At step two, the ALJ found that plaintiff had the following medically-determinable impairments: tremor in right arm and leg, right hand weakness, bilateral leg weakness, muscle twitching and cramps, suggestion of early Parkinson's disease, and hypertension. The ALJ further found at step two, however, that plaintiff's impairments were not severe:

> Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.

(Tr. 23). The ALJ therefore concluded that plaintiff was not under a disability at any time from the alleged onset of disability through the DLI. (Id. at 27). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.      Analysis

Plaintiff claims the ALJ committed reversible error by: 1) denying plaintiff's request to reschedule the hearing; 2) not finding that she had a severe impairment or combination of impairments prior to the date last insured; 3) not according great weight to the May 9, 2016 medical source statement of treating neurologist Richard I. Wertheimer, M.D. finding that plaintiff met Listing 11.06 for Parkinsonian Syndrome on December 22, 2009, prior to the date last insured; 4) specifying at the hearing that plaintiff had the RFC to perform light work; 5) not properly assessing plaintiff's symptoms and credibility; 6) not including all of plaintiff's physical and mental limitations in her hypothetical to the vocational expert; and 7) not finding plaintiff to be disabled.

The magistrate judge found dispositive the issues of the ALJ's step-two determination and assessment of Dr. Wertheimer, citing extensive deficiencies 1) in the ALJ's assessment at step two

5

of plaintiff's Parkinson's disease and impairments associated with it and their effect on plaintiff's ability to perform basic work activities and 2) the way in which the ALJ assessed Dr. Wertheimer's treatment notes and weighed his opinions. The magistrate judge recommends remand of the case pursuant to sentence four of 42 U.S.C. §405(g) for rehearing.

Plaintiff objects, requesting a remand not for rehearing but for an award of benefits. Plaintiff argues that although the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation, the present case presents one of those rare circumstances wherein remand for an award of benefits is appropriate for the following reasons:

> Plaintiff contends that this is an old case. Application was filed December 20, 2013, almost 5 years ago. The onset date is June 1, 2004. The date last insured is December 31, 2009. Plaintiff was born on March 21, 1953 and 56 years old as of the date last insured. She is now 65 years old. Dr. Wertheimer was the treating physician and stated his opinion that Plaintiff's condition met Listing 11.06. Dr. Wertheimer's opinion is supported by his treatment notes and is not going to change. His opinion is entitled to great weight. The only contrary opinions in the record are from non-examining Disability Determination physicians whose opinions showed that there was insufficient evidence of severe impairment through the date last insured. Further, as Parkinson's disease progresses, life expectancy decreases. Under the circumstances, remand for an award of benefits is a proper of discretion.

(DE 24 (citing Breeden v. Weinberger, 493 F.2d 1002, 1011–12 (4th Cir.1974) (reversing for award of benefits where case was almost five years old, the case had already been on appeal once before, and "reopening the record for more evidence would serve no purpose"))).[6]

Plaintiff has not shown that this is one of the rare cases in which the award of benefits is the appropriate remedy for three reasons.

First, the evidence does not compel finding that plaintiff was disabled. Plaintiff contends that Dr. Werthheimer's 2016 opinion is dispositive evidence that Listing 11.06 was satisfied as of

---

[6] Defendant does not dispute this case should be remanded but does dispute that this case should be remanded for an award of benefits. (DE 25).

December 22, 2009. However, as plaintiff notes herself, there is conflicting evidence in the record, not only from non-examining disability determination physicians but also from Dr. Werheimer who found evidence just over a week prior to her DLI of only "early Parkinson's disease" and that plaintiff still demonstrated good strength in all extremities and intact coordination. (Tr. 26, 812-13).

As the magistrate judge observed, the ALJ's explanation of how she considered the abnormal findings in Dr. Wethheimer's December 22, 2009 examination was unclear, and the "court is left to guess whether the ALJ found [certain] exam findings unremarkable or whether she inadvertently ignored them in her analysis," (DE 22 at 15), ultimately and correctly concluding that an award of benefits would "require the court to weigh conflicting evidence," (id. at 20); see Radford, 734 F.3d 288, 295-96 (holding that the district court abused its discretion in awarding benefits rather than remanding for further administrative proceedings because there was conflicting evidence in the record as to whether a Listing was satisfied).

Second, this is the first time a district court has reviewed defendant's decision concerning plaintiff's 2013 application for benefits. See Breeden, 493 F.2d at 1011-12 (noting that case had been remanded once before for additional evidence).

Third, remand for further proceedings is the appropriate remedy because plaintiff herself argues that the record is incomplete. (DE 17 at 18-19). Plaintiff argued that the ALJ erred by denying her request to reschedule her hearing because "her testimony and description of her symptoms and functional limitations as they existed prior to the date last insured was important to a full and fair consideration of her claim and the issues involved therein." (Id. at 19). The magistrate judge concluded that the record was insufficient to evaluate whether the ALJ erred in denying her request to reschedule her hearing, but noted that the issue need not be resolved because remand for

7

further administrative proceedings was the appropriate remedy in this case and that "Plaintiff should certainly be provided another opportunity to testify in the remand proceedings." (DE 22 at 2 n.2). Because plaintiff herself contends that the record lacks testimony important to a full and fair consideration of her claim, remand for further proceedings is the appropriate remedy in this case.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 16), and DENIES defendant's motion for judgment on the pleadings, (DE 20). The case is REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close the case.

SO ORDERED this the 28th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge